## KNUT N. DALSOREN v. DOROTHY OLSEN.

125 N. W. (2d) 36.

November 22, 1963—No. 38,973.

---

*Clifford F. Hansen,* for appellant.
*Theodore W. Thomson,* for respondent.

NELSON, JUSTICE.

Plaintiff, Knut N. Dalsoren, appeals from a judgment of the District Court of Hennepin County dated November 24, 1962, dismissing a complaint on the ground that it failed to state facts sufficient to constitute a cause of action and from an order dated December 24, 1962, refusing to vacate said judgment and grant a new trial.

We shall refer to the parties by their surnames in the following statement of the facts which may be gathered from the record and the briefs submitted by counsel: On or about December 19, 1957, Dalsoren approached defendant, Dorothy Olsen, requesting a loan. On that day she withdrew $13,000 from her bank account and transferred it to Dalsoren in return for his execution of a promissory note in the same amount, payable in 3 years and bearing interest from its date at the rate of 6 percent per annum. He failed to pay the note when it became due and, as a result, in December 1960 Olsen brought an action in the District Court of Hennepin County on said note. She instituted several garnishment proceedings ancillary thereto, none of which were successful except one wherein $45 was impounded and another wherein a garnishee summons served upon Piper, Jaffray & Hopwood resulted in a disclosure that this firm had in its hands and under its control $870 belonging to Dalsoren. The disclosure gave no other details. Dalsoren has at no time moved to dismiss this garnishment.

On January 25, 1961, Olsen, presumably having discovered that Dalsoren was the owner of property in the State of Mississippi, also commenced an action in that state to recover on the same note. Due to the time it takes to reach a case for trial in Hennepin County, the Mississippi action was tried first, resulting in a verdict against Dalsoren of $16,315, representing the principal amount of $13,000 due on the note and accrued interest amounting to $3,315.

After the rendition of the Mississippi judgment (a judgment which was later affirmed on appeal by the Supreme Court of the State of Mississippi), Olsen moved to amend her original complaint in the action she had commenced in Hennepin County to allege that judgment. The motion was granted, enabling her to proceed against Dalsoren upon the Mississippi judgment in the Minnesota action. (A copy of the judgment, duly authenticated, has been filed in the Hennepin County District Court.) Dalsoren filed an answer in October 1962 in which he alleged that the Mississippi judgment had extinguished Olsen's Minnesota action against him and sought its dismissal with prejudice in spite of the amendment of the complaint to allege the judgment. The record indicates that this action was still pending when the district court entered its order for dismissal of the case before us.

Dalsoren commenced the suit which is the subject of this appeal against Olsen on September 18, 1962, alleging that her action of December 1960 to obtain payment of the note had been abandoned and had been legally extinguished by the Mississippi judgment; that by the institution of the garnishment proceeding against Piper, Jaffray & Hopwood and subsequent abandonment of it, Olsen had caused the cancellation of certain commodity contracts upon which Dalsoren would have realized a gain of $13,449.40; and that the garnishment was undertaken by Olsen with malice. Dalsoren asked judgment for his claimed loss of profits and for exemplary damages of $5,000.

Olsen moved for dismissal of the action on the ground that the complaint failed to state facts constituting a cause of action. Her motion having been granted, the question before us on this appeal is whether the complaint states facts which constitute a legal cause of action.

The allegations of the complaint indicate that Dalsoren entered into certain commodity contracts by which he purchased 10,000 bushels of July wheat and 20,000 bushels of soy beans at stated prices and that the garnishment proceedings caused the contracts to be "liquidated" and prevented him from realizing profits upon subsequent grain price increases.

It is not clear whether his position is that the institution of the garnishment proceedings or their continued maintenance caused the

claimed loss of profits. In opposition to Olsen's motion to dismiss the action involved on this appeal, Dalsoren executed an affidavit, filed September 4, 1962, and another, filed September 11, 1962, wherein he said:

"That I claim that the loss in connection with said market transaction is due to the said Dorothy Olsen following the advice of her attorneys and bringing an action on the claim that was in fact a promissory note."

However, in a brief presented to the trial court Dalsoren answered Olsen's contention that the garnishment proceedings were lawfully instituted, with the following statement:

"While Olsen may have had a legal right to garnish in the first instance, she had no right to abandon that action, legally or otherwise, to the damage of Dalsoren."

It would appear then that he asserts that the damages claimed were caused by continued maintenance of the garnishment proceedings. (The complaint did not allege irregularity in the garnishment process and the record indicates that the proceedings were justified and valid.) It is clear, however, that the cancellation of the commodity contracts by the garnishee was an intervening cause of Dalsoren's loss. Following cancellation he was no longer the owner of commodities on which he could realize a profit should there be a rise in the market. Under the circumstances he has no damages.

In an affidavit offered in support of Dalsoren's motion for vacation of the dismissal and for other relief, George Sand, manager of the grain department of the Minneapolis office of Piper, Jaffray & Hopwood, stated that he—

"* * * is well acquainted with Knut N. Dalsoren, of Minneapolis, Minnesota, and the wheat and soy bean commodity contracts which said Dalsoren owned in December, 1960;

"That said contracts on said wheat and soy beans were purchased on the Chicago market; and

"That affiant knows of his own knowledge that said wheat and said soy beans were never at any time located in the State of Minnesota."

Dalsoren apparently takes the position that because of those facts

the funds could not be garnished. They were not shown in the garnishee's disclosure, and any defense based on them should have been asserted in the garnishee action.

Dalsoren cannot base his action on either the theory that instituting the garnishment proceeding caused his damage or the theory that its maintenance did so. Assuming he could prove either, he is clearly estopped from doing so. Following the garnishment he had an adequate remedy under Minn. St. 571.55 whereby he might have minimized any loss. Section 571.55 provides:

"* * * Upon a proper showing the court may discharge the garnishee in any action in which there is lack of diligent prosecution."

Had Dalsoren thought that he was being injured by his inability to transact business, he was free to apply to the district court for a dismissal of the garnishment on the grounds provided for in that statute. As the record stands, he is estopped from asserting that he was damaged by the garnishment.

We might also point out that the claim that Olsen instituted the garnishment proceedings "wrongfully and maliciously" is without foundation, since the complaint itself shows that those proceedings were ancillary to her action on a promissory note on which both principal and interest were in default. Obviously she had the right to institute that action and to employ garnishment, and no facts are alleged which would indicate that she failed to act in good faith at any time.

The judgment of dismissal and the order appealed from are affirmed.
Affirmed.